UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NINE IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHN F. KERRY, SECRETARY OF STATE, et al.,<br><br>    Defendants. | **FILED**<br>FEB 27 2015<br>Clerk, U.S. District and Bankruptcy Courts<br><br>Case: 1:15-cv-00300<br>Assigned To : Kessler, Gladys<br>Assign. Date : 2/27/2015<br>Description: Gen. Civil |

ORDER

Nine plaintiffs -- all Iraqi citizens who have served, or currently serve, in the United States Armed Forces, U.S. government agencies, or U.S. government contracting firms in Iraq -- have filed a motion to proceed by pseudonym in a complaint seeking a writ of mandamus to compel the State Department and the Department of Homeland Security to adjudicate plaintiffs' Iraqi special immigrant visa applications without further delay.  See Pls.' Mot. to Proceed by Pseudonym & Rule 7(m) Statement ¶ 2-3.

In National Ass'n of Waterfront Employers v. Chao, 587 F. Supp. 2d 90 (D.D.C. 2008), the district court outlined factors to assist courts in weighing the competing interests at stake in

motions to proceed anonymously, given the presumption of access to judicial proceedings and the privacy interests of the individual. The factors the Chao court listed included:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 99 (footnotes omitted); accord Yaman v. U.S. Dep't of State, 786 F. Supp. 2d 148, 152-53 (D.D.C. 2011). Here, the plaintiffs seek to proceed by pseudonym not to avoid mere annoyance that attends litigation, but to preserve anonymity in a sensitive matter where they assert "a real and serious threat from forces hostile to the United States who would be better able to locate and likely kill plaintiffs and their family members should Plaintiffs' past service become widely known." Mem. of P. & A. in Supp. of Pl.'s Mot. to Proceed by Pseudonym ("Mem.") at 3. The plaintiffs state that they have minor children, Mem. at 4, and there is a risk of harm to those minor children if the identities of the plaintiffs are publicly disclosed. Courts have permitted plaintiffs to proceed anonymously in actions against state or federal governments

challenging laws regulating the use of contraceptives or abortion, and laws criminalizing same-sex relationships where plaintiffs were required to divulge highly personal and sensitive information in order to establish standing, demonstrate harm, or otherwise meet the burden of proof in their case. See, e.g., S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 712-13 (5th Cir. 1979) (discussing cases). Here, in order to challenge the defendants' failure to adjudicate their special visas, plaintiffs may be required to present facts of a highly sensitive nature, including information regarding the nature, scope and length of their employment with the United States government, in order to establish the factual basis for their complaint. There is no clear risk of unfairness to the defendants at this stage in the case, and plaintiffs pledge to reveal their identities to the defendants once the complaint is filed. See Mem. at 4. The plaintiffs' motion provides sufficient basis to find that the factors outlined in Chao and Yaman weigh in favor of granting the motion to proceed pseudonymously.[1] Accordingly, it is hereby

---

[1] The plaintiffs' proposed order inappropriately purports to grant anonymity well beyond the initial filing of the complaint. Whether anonymity should survive beyond this stage is property left to the discretion of the judge to whom this case is ultimately assigned. See, e.g., Qualls v. Rumsfeld, 228 F.R.D. 8, 10 (D.D.C. 2005) ("The Chief Judge's leave to file is only given at this time . . . and does not guarantee that a litigant may proceed pseudonymously throughout the case; rather,

ORDERED that the motion for leave to proceed in pseudonym be, and hereby is, GRANTED. The plaintiffs may proceed by pseudonym in filing their complaint and filings accompanying it.

SIGNED this 26th day of February, 2015.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge

---

the leave is an indication that the litigant's request is not frivolous and gets the case moving quickly, leaving the issue open to full, adverse litigation at a later date.").